## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 316 | **DATE** | 1/22/2001 |
| **CASE TITLE** | Rev. John D. Sturman, etc. vs. Rush-Presbyterian-St. Luke's | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly this Court again holds that subject matter jurisdiction is lacking, so that Section 1447(c) once more commands remand. As before, in accordance with this District Court's LR 81.2(b), the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

**JAN 23 2001**
date docketed

docketing deputy initials

1/22/2001
date mailed notice

SN
courtroom deputy's initials

Date/time received in central Clerk's Office

SN
mailing deputy initials

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REVEREND JOHN D. STURMAN, etc.,          )
                                         )
                     Plaintiff,          )
                                         )
        v.                               )
                                         )
RUSH-PRESBYTERIAN-ST. LUKE'S             )
MEDICAL CENTER, et al.,                  )
                                         )
                     Defendants.         )
                                         )      No.   01 C 316
                                         )
LIFESOURCE BLOOD SERVICES, INC.,         )
                                         )
        Third Party Plaintiff,           )
                                         )
        v.                               )
                                         )
NATIONAL AMERICAN RED CROSS,             )
                                         )
        Third Party Defendant.           )

DOCKETED
JAN 2 3 2001

MEMORANDUM ORDER

     This action's brief prior history in this federal court
(under the rubric of Case No. 01 C 116) comprised only a serve
and volley:  First American National Red Cross ("Red Cross")
sought to remove the case to this District Court from its place
of origin in the Circuit Court of Cook County, and then this
Court responded immediately with its January 8, 2001 memorandum
order ("Order") that remanded the case for lack of subject matter
jurisdiction.  Now Red Cross has sought to return the volley by a
renewed removal effort, but its attempted return is out of court
(both figuratively and literally).

     There is no need to repeat what this Court said in its Order

directing remand--instead familiarity with the Order will be assumed. What Red Cross now seeks to do is to load onto its successful appeal in <u>American National Red Cross v. S.G.</u> (hereafter cited "<u>S.G.</u>"), 505 U.S. 247 (1992), a case that dealt with a materially different scenario, more baggage than the majority opinion in <u>S.G.</u> will carry. Although Red Cross' effort is moderately ingenious, it simply does not survive analysis.

On this second time around, Red Cross tries to find a federal jurisdictional hook in the underscored portion of this excerpt from 16 Moore's Federal Practice ("Moore's") §107.11[1][b], at 107-31:

> The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove. If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove, <u>absent express statutory authority</u>.

And having pointed to that phrase, Red Cross then attempts to call to its aid some caselaw that confirms the removability of state court lawsuits by certain third-party defendants: Resolution Trust Corporation ("RTC") and foreign states.

But that attempt does not withstand examination, because Red Cross' position is substantively different from that of RTC or a foreign state in a material (that is, outcome-determinative) way. In that respect it is critical to note that 36 U.S.C. §300105(a)(5), the portion of the congressional enactment

incorporating Red Cross that deals with its power to engage in litigation, says only this:

(a)  The corporation may --

* * *

(5)  sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States....

And S.G. addressed only the question whether that enactment alone was enough to confer original jurisdiction on the federal courts--a question that was answered in the affirmative by five Members of the Court and negatively by the four dissenting Justices.

But what Red Cross glosses over here (or, more accurately, prefers to ignore entirely) is that in S.G. Red Cross specifically looked to the general removal statute, 28 U.S.C. §1441,[1] as the sole predicate for bringing the case from the state court where it had been filed into the federal court (see 505 U.S. at 249).  And of course the reason that Red Cross had to do so was that not a word in the Title 36 enactment that gives legal life to Red Cross speaks directly to the subject of removal:  Instead the potential for Red Cross' removal of any state court lawsuit into the federal system is a consequence flowing from the fact that the S.G. majority found that all litigation in which Red Cross is involved is "federal question" litigation (and is hence

_____

[1]  All further references to Title 28's provisions will simply take the form "Section--."

3

within the purview of Section 1331). Because the authority of federal courts to hear cases derives solely from Congress, and because the quoted "sue and be sued" provision is totally silent on the subject of removal, it is necessary to look elsewhere for the source of federal judicial power in the removal context--and as S.G. itself demonstrates (for it does not discuss the subject in any other respect), "elsewhere" has to be Section 1441(a), which grants "the defendant or the defendants" the right of removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[2]

That line of analysis, as well as what it teaches for the present case, contrasts sharply (and decisively) with what is presented by each of the examples to which Red Cross' counsel has sought to point as purported parallels. Unlike the silence of 36

---

[2] That inquiry into federal courts' "original jurisdiction" was precisely what was posed in S.G., where Red Cross had been the single defendant in a state court lawsuit and where it had invoked Section 1441 as the basis for removal before the state court acted on a motion by the same plaintiffs to consolidate that lawsuit with another one that they had brought against other defendants arising out of the same factual matrix (see 505 U.S. at 249). Indeed, what has been said here is confirmed directly by S.G.'s own description of what was then at issue (id. at 248):

> In this case we consider whether that "sue and be sued" provision confers original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending. We hold that the clause does confer such jurisdiction.

4

U.S.C. §300105(a)--and of any other portion of Title 36--on the subject of removal by Red Cross, Congress has _expressly_ conferred on _both_ RTC and all foreign states--in so many words--the _universal_ right to remove any actions to which they are made parties (12 U.S.C. §1441a(_l_)(1) as to RTC, and Section 1441(d) as to foreign states). Again, nothing in the "sue and be sued" provision that was addressed in _S.G._ and that was there held to be a fount of federal jurisdiction for actions in which Red Cross was a defendant says anything of the sort.

Indeed, Moore's §107.11[1][b]--in a portion that has _not_ been quoted by Red Cross--says:

> Further, special removal statutes (_see_ §107.15) may provide an independent basis for a third-party defendant seeking to remove the case.

And Moore's §107.15 (appropriately enough headed "Special Removal Statutes") in turn itemizes fully ten such statutes--and the Red Cross "sue and be sued" statute is conspicuous by its absence from that group.

So the situation in this case remains just as the initial Order had held regarding the first aborted removal:

1. Under the _general_ removal statute (Section 1441(a)) only "the defendant or the defendants" may remove, and the predominant and more persuasive caselaw construing and applying that section holds that third party defendants (such as Red Cross here) are not "defendants" within the

purview of that statute.

    2.   There is no <u>special</u> removal statute that takes Red Cross out of the ambit of that <u>general</u> statute, as is true of RTC or of foreign states or any of the other special parties itemized in Moore's §107.15.

Accordingly this Court again holds that subject matter jurisdiction is lacking, so that Section 1447(c) once more commands remand. As before, in accordance with this District Court's LR 81.2(b), the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith.

_Milton J. Shadur_

Milton I. Shadur
Senior United States District Judge

Date:   January 22, 2001